UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRA DON PARTHEMORE, | No. 2:13-cv-0819 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| B. KISSEL, et al., | |
| Defendants. | |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action in the Northern District and the case was subsequently transferred. ECF Nos. 8, 9. Plaintiff was granted in forma pauperis status and leave to file an amended complaint in compliance with L.R. 220. ECF No. 14. Plaintiff has filed an amended complaint. ECF No. 21.

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint (or amended complaint) must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 566 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843 (1969).

The amended complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) for retaliation in the form of an adverse transfer against the following defendants at Mule Creek State Prison: B. Kissel; J. Soltanian; C. Thomas; K. Costa; J. Sherrard; C. Heintschel; L. Reaves. Plaintiff also makes colorable claims of deliberate indifference to serious medical conditions against MCSP defendants Soltanian; C. Smith; S. Heatley; and Valley State Prison defendants K. Toor; K. Malakka; P. Virk; T. Neal. If the allegations of the amended complaint are proven, plaintiff has a reasonable opportunity to prevail on the merits of this action.

However, although MCSP Correctional Counselor II J. Blackwell is also named as a

1  defendant, no allegations against him or her are set forth within the body of the amended
2  complaint.  Rule 8 of the Federal Rules of Civil Procedure require "sufficient allegations to put
3  defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798
4  (9th Cir. 1991)). Therefore, this defendant must be dismissed, but plaintiff is granted leave to
5  amend.

6  Plaintiff is not obligated to file a second amended complaint.  Should he elect to do so,
7  plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of
8  plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, any
9  second amended complaint must allege in specific terms how each named defendant is involved.
10 There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or
11 connection between a defendant=s actions and the claimed deprivation. Rizzo v. Goode, 423
12 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v.
13 Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of
14 official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents,
15 673 F.2d 266, 268 (9th Cir. 1982).

16 In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
17 make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended
18 complaint be complete in itself without reference to any prior pleading.  This is because, as a
19 general rule, an amended complaint supersedes the original complaint.  See Lacey v. Maricopa
20 County, 693 F.3d 896, 927 (9th Cir. 2012) ("the general rule is that an amended complaint
21 super[c]edes the original complaint and renders it without legal effect... .")  Once plaintiff files an
22 amended complaint, the original or earlier amended pleading no longer serves any function in the
23 case.  Therefore, in an amended complaint, as in an original or earlier amended complaint, each
24 claim and the involvement of each defendant must be sufficiently alleged.

25 In accordance with the above, IT IS HEREBY ORDERED that:

26 1. Defendant Blackwell is dismissed with leave to amend.  Within thirty days of service
27 of this order, plaintiff may amend his complaint to attempt to state cognizable claims against
28 defendant Blackwell.  Plaintiff is not obliged to amend his complaint.

3

    2. The allegations in the pleading are sufficient to state cognizable claims against defendants B. Kissel; J. Soltanian; C. Thomas; K. Costa; J. Sherrard; C. Heintschel; L. Reaves; Smith; S. Heatley; K. Toor; K. Malakka; P. Virk; T. Neal. <u>See</u> 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading (ECF No. 21) filed September 13, 2013, thirteen (13) USM-285 forms and instructions for service of process on the thirteen defendants named immediately above. Within thirty days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and fourteen (14) copies of the endorsed amended complaint filed September 13, 2013. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs. In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing defendant Blackwell without prejudice.

    3. Failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: November 20, 2013

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| IRA DON PARTHEMORE, | No. 2:13-cv-0819 KJM AC P |
|---|---|
| Plaintiff, | |
| v. | |
| B. KISSEL, et al., | NOTICE OF SUBMISSION OF DOCUMENTS |
| Defendants. | |

Plaintiff hereby submits the following documents in compliance with the court's order filed _____ :

\_1\_\_    completed summons form

\_13\_    completed USM-285 forms

\_14 \_   copies of the \_September 13, 2013\_\_\_
         Amended Complaint

Plaintiff consents to the dismissal of defendant Blackwell without prejudice.

OR

Plaintiff opts to file a second amended complaint and delay service of process.

DATED:                              _____
                                    Plaintiff

1