UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRA DON PARTHEMORE, | No. 2:13-cv-0819 KJM AC P |
| Plaintiff, | |
| v. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| B. KISSEL, et al., | |
| Defendant. | |

Plaintiff, a 73-year-old state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. On March 17, 2014, plaintiff filed a motion for a preliminary injunction/emergency restraining order to prevent his transfer to another institution during the pendency of the instant action. ECF No. 34.

I.   <u>FIRST AMENDED COMPLAINT</u>

The gravamen of plaintiff's first amended complaint, on which this action proceeds, is that plaintiff was subjected to a retaliatory transfer from Mule Creek State Prison (MCSP) in April of 2013, and to deliberate indifference to his serious medical conditions at both MCSP and Valley State Prison (VSP). He alleges that he was transferred from MCSP to VSP in retaliation for filing lawsuits and submitting complaints about poor medical care at Mule Creek. He also claims that his transfer occurred one day before his scheduled left shoulder replacement surgery was to be performed. In addition, he has been thwarted for nearly three years in his effort to receive

1

1  surgeries for his left shoulder condition and for a hernia which is "a life-threatening condition"
2  for which surgery has been recommended by two physicians.  In addition, plaintiff was
3  transferred from MCSP ongoing cancer treatments and monitoring he was receiving for "severe
4  prostate cancer."

5  At VSP, plaintiff's left shoulder surgery has not been re-scheduled despite the diagnoses
6  of two orthopedic surgeons that plaintiff required a "total left shoulder replacement."  His surgery
7  has been denied without any examination by VSP physicians.  Plaintiff's pain medication has also
8  been cancelled at VSP.  Plaintiff seeks both monetary damages and injunctive relief in the form of
9  appropriate medical treatment.  See First Amended Complaint, ECF No. 21.

10  The court has previously determined that plaintiff has stated cognizable claims for relief
11  pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) as follows: (1) for retaliation in the form
12  of an adverse transfer against MCSP defendants: B. Kissel; J. Soltanian; C. Thomas; K. Costa; J.
13  Sherrard;C. Heintschel; and L. Reaves; and (2)  for deliberate indifference to serious medical
14  conditions against (a) MCSP defendants Soltanian; C. Smith; S. Heatley; and (b) Valley State
15  Prison (VSP) defendants K. Toor; K. Malakka; P. Virk; T. Neal.  See Screening Order (ECF No.
16  24) filed on 11/21/13.

17  II.     MOTION FOR IMMEDIATE INJUNCTIVE RELIEF

18  In his present motion for emergency injunctive relief, plaintiff alleges that he is on the
19  verge of what he characterizes as another retaliatory transfer.  ECF No. 34.  Just as he contends
20  that his past transfer from MCSP to VSP was predicated on his wrongful designation as medically
21  "high risk," he alleges that his imminent transfer from VSP is also based on improper medical
22  classification as "high risk."  Id. at 4, 11, 14.  Plaintiff alleges that these classifications have been
23  fabricated to support transfers that are actually motivated by a desire to be rid of elderly
24  "litigators."  Plaintiff now does not wish to leave VSP, where he is functioning well and has been
25  attempting to secure the shoulder surgery and other medical treatment at issue on his Eighth
26  Amendment claims.  No surgery is scheduled, and plaintiff identifies no medical treatment that
27  will be terminated or disrupted by the anticipated transfer.  He contends that CDCR wishes to
28  transfer him "for a bogus reason both to avoid the expense of surgery and of further lawsuits such

2

1   as this one." ECF No. 34 at 13.

2   Plaintiff points out that the March 4, 2014 classification chrono designating him as "high risk," and allegedly intended to support his transfer, is signed by a defendant in this action, K. Toor.  Plaintiff alleges that he refused to see defendant Toor on several occasions because of the poor treatment he had received from Toor.  He claims that at one point, and before defendant Toor had been served with this action, he told Toor's nurse that Toor was a defendant in a federal lawsuit. On January 22, 2014, plaintiff was interviewed in the mental health clinic having been referred there by defendant Toor for refusing to see him.  Five days later defendant Toor issued the "high risk" classification.  Plaintiff argues that if the new classification were valid, it would have been issued earlier.  ECF No. 34 at 15.

Plaintiff also avers that many inmates who are physically and mobility impaired are not being transferred as "high risk" medical.  Id.  He declares that his allegedly impending transfer is retaliatory and "age-related" and that such a transfer will cause irreparable damage because he now has an acute fear of filing lawsuits against the prison system for constitutional violations.  Id. That is, he contends that it will chill the exercise of his right of access to the courts.

III.   LEGAL STANDARDS FOR EMERGENCY/IMMEDIATE INJUNCTIVE RELIEF

   A. Temporary Restraining Order

The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing.  The cases contain limited discussion of the standards for issuing a temporary restraining order, due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction.  It is apparent, however, that requests for temporary restraining orders which are not ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction.[1]  See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434

---

[1] To the extent that this is an ex parte motion for a TRO without notice, the undersigned notes that there are stringent requirements to be imposed under Fed. R. Civ. P. 65 for issuance of such an order, which plaintiff clearly has not met. Reno Air Racing Ass'n., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006).  Rule 65(b)(1) permits issuance of a TRO without "notice to the adverse party or its attorney, only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury...will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

U.S. 1345, 1347 n.2, 98 S. Ct. 359 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

> B.  Preliminary Injunction

"A preliminary injunction is an 'extraordinary and drastic remedy'... never awarded as of right."  Munaf v. Geren, 553 U.S. 674, 689-90 (2008) (internal citations omitted).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Am. Trucking Ass'n, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir.2009) (quoting Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)).   A preliminary injunction is appropriate when a plaintiff demonstrates . . . "serious questions going to the merits and a hardship balance [] tips sharply toward the plaintiff, ... assuming the other two elements of the Winter test are also met."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-32 (9th Cir. 2011).

The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success on the merits is low, preliminary injunctive relief should be denied:

> Martin explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

Johnson v. California State Bd. of Accountancy, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

4

C. <u>Analysis</u>

    1.   *Likelihood of Success on the Merits*

The court is unable to determine the likelihood of success on the merits at this early stage of the case. Just prior to plaintiff's filing of the instant motion, defendants filed a motion to dismiss on grounds of administrative non-exhaustion and failure to state a claim. ECF No. 33. Plaintiff has yet to file his opposition to that motion but the time for doing so has not elapsed. In this instance, there is an inadequate showing of a likelihood of success on the merits to support the "drastic remedy" of a preliminary injunction. <u>Munaf</u>, 553 U.S. at 689-90.

    2.   *Likelihood of Irreparable Harm*

Plaintiff's motion fails to establish the likelihood that he will be subject to irreparable harm absent the issuance of an order prohibiting his transfer to another prison facility. Plaintiff identifies no physical injury or medical harm that would result from transfer. Unlike the 2013 transfer that gave rise to this lawsuit, the anticipated transfer will not result in cancellation of surgery because no surgery is presently scheduled. Plaintiff's claim that transfer will fail to improve his medical care and condition, <u>see</u> ECF No. 34 at 4, is both speculative and conclusory. Even if true, this does not rise to the level of irreparable harm.

Plaintiff also contends that he faces irreparable harm in the form of chilled speech. Plaintiff's litigation history, including the filing of this motion, demonstrates his continued ability and willingness to access the courts. Any incidental chilling effect caused by another transfer would be reparable by success on the merits.

Plaintiff's desire to avoid the indisputable inconvenience of transfer does not rise to the level of irreparable harm.

    3.   *Balance of the Equities*

Plaintiff asks the court to forestall any imminent transfer on the grounds that such a transfer would be in retaliation for the filing of grievances at VSP and for filing this lawsuit. Plaintiff has no pending claim of retaliation by the VSP defendants.
In general, prison officials' housing and classification decisions do not implicate a prisoner's constitutional rights. <u>See</u> <u>Board of Regents v. Roth</u>, 408 U.S. 564, 569 (1972). Nor does the

Constitution guarantee a prisoner placement in a particular prison or protect an inmate against being transferred from one institution to another. Meachum v. Fano, 427 U.S. 215, 223-225 (1976). "Federal courts must remember that the duty to protect inmates' constitutional rights does not confer the power to manage prisons or the capacity to second-guess prison administrators, for which we are ill-equipped." Bruce v. Ylst, 351 F.3d 1283, 1290 (9th Cir. 2003).

### 4. *Public Interest*

It is unclear what public interest could be served by prohibiting plaintiff's transfer from a facility where he believes he is not being provided the level of medical care that he requires.

### 5. *Conclusion*

Plaintiff has failed to establish a likelihood of success on the merits, a likelihood that he will suffer irreparable harm in the absence of preliminary injunctive relief, that the balance of equities tips in his favor, or that the injunction is in the public interest.

Accordingly, IT IS RECOMMENDED that plaintiff's motion for immediate injunctive relief (ECF No. 34) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Courts order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.1991).

DATED: March 25, 2014

                                                    /s/
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE