1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   IRA DON PARTHEMORE,                    No.  2:13-cv-00819 KJM AC P

12               Plaintiff,

13        v.                                FINDINGS AND RECOMMENDATIONS

14   B. KISSEL, et al.,

15               Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action filed

18   pursuant to 42 U.S.C. § 1983.  This action proceeds on the first amended complaint filed on

19   September 11, 2013.[1]  ECF No. 21.  Before the court are defendants' motion for summary

20   judgment on grounds that plaintiff failed to exhaust his administrative remedies before filing suit

21   (ECF No. 42), and defendants' motion to dismiss for failure to state a claim (ECF No. 43).

22   Plaintiff has filed a combined response to both motions (ECF No. 45) and the defendants have

23   replied (ECF Nos. 46, 47).

24   I.   Procedural History

25        Plaintiff filed his original complaint on April 13, 2013.  ECF No. 4.  The complaint

26

27   _____

     [1]  The prison mailbox rule will be used in determining plaintiff's filing dates since his filings have
28   all been submitted pro se.  See Houston v. Lack, 487 U.S. 266 (1988).

                                    1

identified B. Kissel; L. Reaves; Facility-C Captain; J. Soltanian, M.D.; Ms. Blackwell; and Does 1-10 as defendants.  Id. at 2-3.  The complaint contained allegations that Kissel, Reaves, C-Facility Captain, Soltanian, Blackwell, and Does 1-3 had plaintiff transferred from Mule Creek State Prison ("MCSP") in retaliation for filing lawsuits and grievances (id. at 3-7), and that Soltanian was deliberately indifferent to plaintiff's medical needs because he refused to order shoulder surgery or a medical hold to prevent the transfer (id. at 7-8).  On April 30, 2013, plaintiff filed a motion for authorization to file a supplemental pleading in which he sought to identify previously unknown defendants and add defendants and claims.  ECF No. 11.  This court construed the motion as a motion to amend the complaint, and granted it.  ECF No. 14.

On September 11, 2013, plaintiff filed a first amended complaint.  ECF No. 21.  The first amended complaint contained the same allegations as the original complaint; identified the Doe defendants from the original complaint as Thomas, Costa, Sherrard, and Heintschel; and added new deliberate indifference claims against newly named defendants Smith, Heatley, Toor, Malakkla, Virk, and Neal.  Id.

II.      Plaintiff's Allegations

This case proceeds against defendants B. Kissel, J. Soltanian, C. Thomas, K. Costa, J. Sherrard, C. Heintschel, L. Reaves, C. Smith, S. Heatley, K. Toor, K. Malakkla, P. Virk, and T. Neal on the first amended complaint.  ECF No. 24.  Defendant Blackwell was dismissed on screening.  Id. at 3.

Plaintiff asserts that defendants Kissel, Soltanian, Thomas, Costa, Sherrard, Heintschel, and Reaves violated his rights under the First Amendment when they initiated an adverse, retaliatory transfer from MCSP.  ECF No. 21 at 4-8.  Plaintiff specifically alleges that defendants Kissel, Soltanian, Thomas, Costa, Sherrard, Heintschel, and Reaves had plaintiff transferred from MCSP to Valley State Prison ("VSP") because he filed lawsuits and complaints regarding the poor quality of medical care at MCSP, and that the transfer interfered with plaintiff's medical care.  Id. at 5.

Plaintiff also alleges that defendants Soltanian, Smith, Heatley, Toor, Malakkla, Virk, and Neal were deliberately indifferent to plaintiff's serious medical condition, in violation of the

2

Eighth Amendment.  Id. at 8-12.  He alleges that defendant Soltanian denied shoulder surgery and instead prescribed steroid shots, and later stated that the surgery was denied because plaintiff was "too old" and his condition would not affect his quality of life.  Id. at 8-9.  Plaintiff further alleges that defendants Soltanian, Smith, and Heatley denied his request for a medical hold that would have kept him at MCSP.  Id. at 9-10.  As a result, he was transferred from MCSP to VSP the day before his shoulder surgery was scheduled to take place, thereby delaying surgery.  Id. at 10.  Plaintiff alleges that after he arrived at VSP, defendants Toor, Malakkla, Virk, and Neal denied his request to have his shoulder surgery rescheduled and that defendant Toor cancelled his pain medication.  Id. at 10-12.

Plaintiff seeks compensatory and punitive damages and injunctive relief.  Id. at 4.

III.    Defendants' Summary Judgment Motion

Defendants move for summary judgment solely on the ground that plaintiff failed to exhaust his administrative remedies before filing suit, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).  ECF No. 42.  Plaintiff offers almost no substantive opposition and states that he defers to the court's judgment on his timeliness.  See ECF No. 45 at 6.

A.    Legal Standards for Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

Under summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact."  In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(A), (B).  When the non-moving party bears the burden

3

of proof at trial, "the moving party need only prove that there is an absence of evidence to support the nonmoving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, . . . , is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (citations omitted).

4

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all reasonable inferences supported by the evidence in favor of the non-moving party." Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011).  It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

On April 24, 2014, the defendants served plaintiff with notice of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  ECF. No. 42-5. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (movant may provide notice) (en banc), cert. denied, 527 U.S. 1035 (1999), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

  B.  Legal Standards for Exhaustion

    1. Prison Litigation Reform Act

Because plaintiff is a prisoner challenging the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences").  "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under § 1983."  Albino, 747 F.3d at 1171 (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)).

Failure to exhaust is "an affirmative defense the defendant must plead and prove."  Jones v. Bock, 549 U.S. 199, 204 (2007).  "[T]he defendant's burden is to prove that there was an

5

1    available administrative remedy, and that the prisoner did not exhaust that available remedy."

2    Albino, 747 F.3d at 1172.  "[T]here can be no 'absence of exhaustion' unless *some* relief remains

3    available."  Brown v. Valoff, 422 F.3d 926, 937 (9th Cir. 2005).  Therefore, the defendant must

4    produce evidence showing that a remedy is available "as a practical matter," that is, it must be

5    "capable of use; at hand."  Albino, 747 F.3d at 1171.

6         A prisoner must exhaust his administrative remedies for constitutional claims prior to

7    asserting them in a civil rights complaint.  42 U.S.C. § 1997e(a); McKinney v. Carey, 311 F.3d

8    1198, 1199 (9th Cir. 2002).  A complaint may be amended to add new claims so long as the

9    administrative remedies for the new claims are exhausted prior to amendment.  Cano v. Taylor,

10   739 F.3d 1214, 1220-21 (9th Cir. 2014) (new claims added to a lawsuit via amendment that are

11   exhausted prior to the amendment comply with the exhaustion requirement); Rhodes v. Robinson,

12   621 F.3d 1002, 1007 (9th Cir. 2010) (new claims asserted in an amended complaint are to be

13   considered by the court so long as administrative remedies with respect to those new claims are

14   exhausted before the amended complaint is tendered to the court for filing).  However, if a

15   prisoner exhausts a claim after bringing it before the court, his subsequent exhaustion cannot

16   excuse his earlier failure to exhaust.  Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006)

17   ("[A prisoner] may initiate litigation in federal court only after the administrative process ends

18   and leaves his grievances unredressed.  It would be inconsistent with the objectives of the statute

19   to let him submit his complaint any earlier than that."); McKinney, 311 F.3d at 1199 (a prisoner

20   does not comply with exhaustion requirement by exhausting available remedies during the course

21   of litigation).

22        When the district court concludes that the prisoner has not exhausted administrative

23   remedies on a claim, "the proper remedy is dismissal of the claim without prejudice."  Id. at 1120;

24   see also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005) ("mixed" complaints may proceed

25   on exhausted claims).  Thus, "if a complaint contains both good and bad claims, the court

26   proceeds with the good and leaves the bad."  Jones, 549 U.S. at 221.

27              2. California Regulations Governing "Exhaustion" of Administrative Remedies

28        Exhaustion requires that the prisoner complete the administrative review process in

6

accordance with all applicable procedural rules.  <u>Woodford</u>, 548 U.S. at 90.  California

regulations allow a prisoner to "appeal" any action or inaction by prison staff that has "a material

adverse effect upon his or her health, safety, or welfare."  Cal. Code Regs. tit. 15, § 3084.1(a).

The appeal process is initiated by the inmate's filing a "Form 602," the "Inmate/Parolee Appeal

Form," "to describe the specific issue under appeal and the relief requested."  <u>Id.</u> § 3084.2(a).

The inmate must file the Form 602 within 30 days of the action being appealed, and he must file

each subsequent request for review within 30 days of receiving an adverse decision at a lower

level.  <u>Id.</u> § 3084.8(b).  Administrative procedures generally are exhausted once a plaintiff has

received a "Director's Level Decision," or third level review, with respect to his issues or claims.

<u>Id.</u> § 3084.5.

C. <u>Arguments of the Parties</u>

1. <u>Defendants</u>

Defendants have submitted evidence regarding three administrative appeals filed by

plaintiff in relation to events at issue here: Appeal Nos. 0563, 0695, and 0786.  Defendants argue

that all three appeals were eventually pursued to the third level, thus exhausting plaintiff's

administrative remedies, but that exhaustion did not precede the filing of this lawsuit as required

by the PLRA.  ECF No. 42-1 at 6-7.

2. <u>Plaintiff</u>

Plaintiff opposes summary judgment in defendants' favor, but does not dispute

defendants' evidence regarding exhaustion.  ECF No. 45.  At the outset, the court notes that

plaintiff has failed to comply with Federal Rule of Civil Procedure 56(c)(1)(A), which requires

that "a party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing

to particular parts of materials in the record . . . ."  Plaintiff has also failed to file a separate

document disputing defendants' statement of undisputed facts, as required by Local Rule 260(b).

However, it is well-established that the pleadings of pro se litigants are held to "less

stringent standards than formal pleadings drafted by lawyers."  <u>Haines v. Kerner</u>, 404 U.S. 519,

520 (1972) (per curiam).  It is true that "[p]ro se litigants must follow the same rules of procedure

that govern other litigants."  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987), <u>overruled on</u>

7

other grounds, Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc).  On the other

hand, the unrepresented prisoners' choice to proceed without counsel "is less than voluntary" and

they are subject to the "handicaps . . . detention necessarily imposes upon a litigant," such as

"limited access to legal materials" as well as "sources of proof."  Jacobsen v. Filler, 790 F.2d

1362, 1364-65 & n.4 (9th Cir. 1986).  Inmate litigants, therefore, should not be held to a standard

of "strict literalness" with respect to the requirements of the summary judgment rule.  Id.

 This court is mindful of the Ninth Circuit's overarching caution in this context, as noted

above, that district courts are to "construe liberally motion papers and pleadings filed by pro se

inmates and . . . avoid applying summary judgment rules strictly."  Thomas v. Ponder, 611 F.3d

1144, 1150 (9th Cir. 2010).  Accordingly, the court considers the record before it in its entirety

despite plaintiff's failure to be in strict compliance with the applicable rules.  However, only

those assertions in the opposition which have evidentiary support will be considered.

 In response to the defendants' motion for summary judgment, plaintiff responds as

follows:

> Defendants assert that Plaintiff had failed to exhaust administrative
> remedies prior to filing his lawsuit.  This lawsuit was opened by the
> Hon. Thelton E. Henderson, Senior Judge of the Northern District
> of California, in the Northern District and later transferred to the
> Eastern District, on behalf of Plaintiff, who at that time had no
> direct control over the third-level exhaustion.

> Plaintiff submits to this Honorable Court as to his timeliness.

ECF No. 45 at 6.

 D. Discussion

 It is undisputed that administrative remedies were available to plaintiff, that he pursued

them, and that he exhausted the available remedial processes related to Appeal Nos. 0563, 0695,

and 0786.  ECF No. 42-1 at 3-4; ECF No. 45 at 6.  Resolution of the motion therefore turns on the

questions (1) whether plaintiff exhausted those appeals prior to bringing the pertinent claims

before the court, and (2) whether defendants have met their burden of proving non-exhaustion a

to all the claims contained in the first amended complaint.

 Plaintiff has not challenged, and nothing in the record contradicts, any of the facts related

to the contents or timing of the appeals presented by the defendants (ECF No. 45 at 6), and the

1   facts surrounding these appeals shall be deemed admitted for purposes of the motion.  Fed. R.

2   Civ. P. 56(e)(1) ("If a party . . . fails to properly address another party's assertion of fact as

3   required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the

4   motion.")  The court now addresses each of the appeals in turn.

5                  1.  Appeal No. 0563

6          On April 9, 2013, while still at MCSP, plaintiff submitted a non-medical appeal that

7   alleged he was being transferred in retaliation for filing lawsuits and grievances; that the transfer

8   endangered his life and showed deliberate indifference to his medical conditions in light of his

9   scheduled shoulder surgery; and requested that he be kept at MCSP for medical reasons.

10  Declaration of J. Zamora ("J. Zamora Decl.") (ECF No. 42-3) at 5-8.  The appeal was assigned

11  institutional Log No. MCSP-C-13-00563 and OOA/IAB Log No. 1300373 ("Appeal No. 0563").

12  Id. at 3, ¶ 7.  Plaintiff submitted his third-level appeal on July 6, 2013.  Id. at 6.  Appeal No. 0563

13  was exhausted on September 16, 2013, when a third-level response was issued.  Id. at 3, ¶ 7.  The

14  response was issued within the permissible sixty work-day timeframe for a third-level response.

15  Cal. Code Regs. tit. 15, § 3084.8(c)(3).  Appeal No. 0563 was the only exhausted non-medical

16  appeal submitted by plaintiff related to his claims that he was subject to a retaliatory transfer from

17  MCSP that interfered with his medical care.  J. Zamora Decl. at 2-3, ¶¶ 6-8.

18         Defendants argue that Appeal No. 0563 exhausted plaintiff's administrative remedies with

19  respect to all of his claims against MCSP defendants Kissel, Soltanian, Thomas, Costa, Sherrard,

20  Heintschel, Reaves, Smith, and Heatley, but that the claims were unexhausted when plaintiff

21  initiated this lawsuit on April 13, 2013.[2]  ECF No. 42-1 at 6-7.  Plaintiff does not dispute that

22  Appeal No. 0563 was not exhausted until September 16, 2013.  ECF No. 45.  He states only that

23  ////

24  _____

25  [2]  Defendants refer to the filing date as the date the complaint was filed by the Court, but under
    the prison mailbox rule the date plaintiff signed the complaint will be considered his filing date

26  absent evidence to the contrary.  See Jenkins v. Johnson, 330 F.3d 1146, 1149 n. 2 (9th Cir. 2003)
    (date petition is signed may be considered earliest possible date an inmate could submit his

27  petition to prison authorities for filing under the mailbox rule).  The difference between the date
    asserted by defendants and that adopted by the court does not affect the exhaustion analysis.

28

1   he "had no direct control over the third-level of exhaustion." Id. at 6.[3]

2      Defendants are correct that any claims exhausted by Appeal No. 0563 needed to be

3   brought after September 16, 2013 in order to be exhausted when filed, and are otherwise subject

4   to dismissal. See Albino, 747 F.3d at 1173; McKinney, 311 F.3d at 1199.  Because both

5   plaintiff's original and amended complaint were filed prior to September 16, 2013, any claims

6   exhausted solely by Appeal No. 0563 were unexhausted when filed.  However, because plaintiff's

7   claims against defendants Kissel, Soltanian, Thomas, Costa, Sherrard, Heintschel, Reaves, Smith,

8   and Heatley are not monolithic, the court separately addresses exhaustion as to retaliatory

9   transfer, failure to issue a medical hold, and failure to provide shoulder surgery.

10                          a. Retaliation

11      The first amended complaint alleges that defendants Kissel, Soltanian, Thomas, Costa,

12   Sherrard, Heintschel, and Reaves initiated a retaliatory transfer from MCSP that interfered with

13   plaintiff's medical care.  ECF No. 21 at 4-8.  Appeal No. 0563, which alleges that plaintiff was

14   transferred in retaliation for filing lawsuits and grievances and that the transfer put his health in

15   danger, was exhausted after plaintiff filed his first amended complaint and therefore does not

16   meet the pre-suit exhaustion requirement.  Since plaintiff does not dispute that he did not exhaust

17   prior to filing suit, and nothing in the record suggests otherwise, the court finds that plaintiff

18   failed to exhaust his administrative remedies prior to bringing his First Amendment retaliation

19   claim.

20                    b. Failure to Issue Medical Hold

21      The defendants also argue that Appeal No. 0563 establishes that plaintiff did not exhaust,

22   prior to filing in court, his deliberate indifference claims against defendants Soltanian, Smith, and

23   Heatley for failing to issue a medical hold.  ECF No. 42-1 at 6.  For the reasons that follow, the

24   _____

25   [3]  Plaintiff's argument that he had no control over the third-level of exhaustion may have had
    some weight had he been waiting for an overdue third-level response at the time he filed his
26   complaint, but that is not the case here.  Plaintiff did not even initiate the third-level appeal until
    close to three months after he filed the initial complaint in this case (ECF No. 4; J. Zamora Decl.
27   at 6), and Appeal No. 0563 was not exhausted until five days after he filed his first amended
    complaint (ECF No. 21; J. Zamora Decl. at 3, ¶ 7).

28

1    court finds that defendants have met their burden regarding non-exhaustion as to the allegations

2    against Soltanian, but not as to Smith and Heatley.

3         Appeal No. 0563 put prison authorities on notice that plaintiff was seeking a medical hold

4    at MCSP, and that he believed failing to issue that hold endangered his health.  J. Zamora Decl. at

5    5-9.  Plaintiff himself refers to Appeal No. 0563 as an appeal to retain him at MCSP on a medical

6    hold.  ECF No. 21 at 9, ¶ 8.  Since Appeal No. 0563 was not exhausted until five days after the

7    first amended complaint was filed (ECF No. 21; J. Zamora Decl. at 3, ¶ 7), it cannot have timely

8    exhausted plaintiff's administrative remedies for this claim.  However, the record suggests that

9    plaintiff also pursued a distinct administrative appeal related to the medical hold issue, and

10   defendants have not met their burden of demonstrating non-exhaustion as to that remedial

11   process.

12        Attached to plaintiff's first amended complaint is a copy of a first-level healthcare appeal

13   and response for appeal MCSP-HC-13043499 ("Appeal No. 3499").  ECF No. 21 at 51-52, 64-

14   65.[4]  This appeal, which addressed plaintiff's request to be kept on a medical hold at MCSP, was

15   submitted on April 4, 2013 (id. at 51-52), and the response was issued on May 15, 2013 (id. at 64-

16   65).  Appeal No. 3499, which was denied with leave to proceed to a second-level appeal,

17   establishes that the issue of plaintiff's medical hold was capable of being presented as a purely

18   medical issue.  Id. at 51-52, 64-65.  The declarations of J. Zamora (ECF No. 42-3) and L.D.

19

20   [4]  Because plaintiff is a pro se prisoner, the court does not rely on his opposition alone, or strictly
     apply the rules for opposing summary judgment.  See, e.g., Thomas, 611 F.3d at 1150 (cautioning
21   district courts not to apply, inter alia, "summary judgment rules strictly" to prisoner pro se
     plaintiffs); McElyea v. Babbitt, 833 F.2d 196, 197 (9th Cir. 1987) (per curiam) (a verified
22   complaint may be considered in opposition to summary judgment if "it is based on personal
     knowledge and sets forth specific facts admissible in evidence.").  In this case the court will
23   consider the entire record of the case, including potentially relevant exhibits that plaintiff has
     submitted with other filings, such as the first amended complaint.  See Fraser v. Goodale, 342
24   F.3d 1032, 1036 (9th Cir. 2003) (evidence which could be made admissible at trial may be
     considered on summary judgment); see also Aholelei v. Hawaii Dep't of Pub. Safety, 220 Fed.
25   Appx. 670, 672 (9th Cir. 2007) (district court abused its discretion in not considering plaintiff's
     evidence at summary judgment, "which consisted primarily of litigation and administrative
26   documents involving another prison and letters from other prisoners" which evidence could be
     made admissible at trial through the other inmates' testimony at trial).
27

28

Zamora (ECF No. 42-4), submitted by the defendants in support of their motion for summary judgment, make clear that healthcare and non-healthcare appeals are tracked and maintained separately, and that appeals related solely to healthcare are tracked and maintained by the Inmate Correspondence and Appeals Branch.  J. Zamora Decl. at 2, ¶¶ 3, 6; Declaration of L.D. Zamora ("L.D. Zamora Decl.") (ECF No. 42-4) at 2, ¶ 3.

As a healthcare appeal, Appeal No. 3499 did not come within the scope of the search for relevant appeals detailed in the Declaration of J. Zamora, which addresses only non-healthcare appeals.  J. Zamora Decl. at 2, ¶¶ 3-6.  The Declaration of L.D. Zamora, which addresses healthcare appeals, makes no reference to searching for exhausted appeals related to incidents at MCSP or refusals to provide a medical hold.  L.D. Zamora Decl. at 1-3.  Accordingly, these declarations do not demonstrate the non-exhaustion of Appeal No. 3499, and defendants have presented no documentation of its fate.

Consideration of Appeal No. 3499 does not raise the possibility of exhaustion as to the medical hold claim against defendant Soltanian, which was presented to this court in the original complaint filed on April 13, 2013.  At that time, Appeal No. 3499 remained pending at the first level and therefore was clearly unexhausted.  However, the record does not contain information from which it can be determined whether Appeal No. 3499 was exhausted at the time that the amended complaint first stated this claim against defendants Smith and Heatley.  Because it is defendants' burden to demonstrate non-exhaustion, and defendants have not addressed Appeal No. 3499, the motion should be denied as to the medical hold claim against defendants Smith and Heatley.

c. <u>Defendant Soltanian's Refusal to Provide Shoulder Surgery</u>

Defendants also argue that Appeal No. 0563 establishes that plaintiff did not timely exhaust his claim that defendant Soltanian refused to order shoulder surgery.  ECF No. 42-1 at 6.  However, Appeal No. 0563 makes no reference to a refusal to provide surgery.  It addresses a distinct issue: the delay of a scheduled surgery that would result from the imminent and allegedly retaliatory transfer.  ECF No. 42-3 at 5-8.  The Declaration of J. Zamora, which defendants rely upon to address exhaustion of the allegations against the MCSP defendants, addresses non-

1   medical appeals and explicitly states that "[a]llegations relating to the failure to provide inmate

2   Parthemore with shoulder surgery . . . would be processed as a health-care grievance through the

3   Inmate Correspondence and Appeals Branch." J. Zamora Decl. at 2, ¶¶ 3, 6. Though Appeal No.

4   0563 claims that plaintiff's then-scheduled surgery would be delayed as a result of the transfer,

5   the first amended complaint makes allegations that prior to surgery being approved, defendant

6   Soltanian had refused to order surgery and instead ordered steroid shots (id. at 8, ¶¶ 2-4). It also

7   alleges that defendant Soltanian told Plaintiff he was "too old" and that his condition would not

8   affect his quality of life. Id. at 9, ¶ 6.

9        The Declaration of L.D. Zamora, which addresses healthcare appeals, makes no reference

10  to searching for exhausted appeals related to incidents at MCSP, and addresses only allegations

11  related to care at VSP. L.D. Zamora Decl. at 1-4. The court cannot assume that the failure to

12  address the existence of exhausted healthcare appeals regarding treatment at MCSP means that

13  none exist. In fact, the documents plaintiff attached to his first amended complaint include a

14  cancelled healthcare appeal that addresses his claim that he was being denied shoulder surgery at

15  MCSP. ECF No. 21 at 39-41.

16       This appeal was cancelled as untimely because the consultation plaintiff referenced took

17  place over a year prior to submission of the appeal. Id. at 41. The response cancelling the appeal

18  states "[t]his screening action may not be appealed unless you allege that the above reason(s) is

19  inaccurate." Id. If plaintiff was alleging a continuing issue, which his complaint indicates he

20  was, then he could have appealed the untimeliness decision on grounds of inaccuracy.

21  Specifically, plaintiff could have explained that his appeal was based not on a single event, but

22  presented a continuing issue that began with the referenced consultation. Cal. Code. Regs. tit. 15,

23  § 3084.6(c)(4) ("If the issue is ongoing, . . . , the inmate or parolee may appeal any time during

24  the duration of the event."). The record offers no evidence as to whether plaintiff attempted to

25  appeal the cancellation or filed a separate appeal.

26       Accordingly, the defendants have not met their burden of showing that plaintiff failed to

27  timely exhaust his administrative remedies on the claim that defendant Soltanian wrongfully

28  denied his shoulder surgery.

1     2. Appeal No. 0695

2    At VSP, plaintiff submitted a medical appeal alleging that he had been transferred a day

3 before his shoulder surgery was scheduled to take place, and that he had been advised by VSP

4 medical staff that the surgery would not be rescheduled.  L.D. Zamora Decl. at 6-8.  The appeal

5 was assigned Log No. VSP-HC-13000695 ("Appeal No. 0695").  Id. at 3, ¶ 7.  The

6 documentation provided by defendants shows that plaintiff submitted his third-level appeal on

7 August 28, 2013.  Id. at 7.  The third-level response was issued on November 15, 2013.  Id. at 3, ¶

8 7.  This response was issued within the permissible sixty day timeframe for a third-level response.

9 Cal. Code Regs. tit. 15, § 3084.8(c)(3).  Appeal No. 0695 was the only exhausted medical appeal

10 submitted by plaintiff related to his claim that he was being denied shoulder surgery at VSP.  L.D.

11 Zamora Decl. at 2-3, ¶¶ 6-8.

12    Defendants acknowledge that Appeal No. 0695 exhausts plaintiff's administrative

13 remedies as to his claims that defendants Toor, Malakkla, Neal, and Virk denied his shoulder

14 surgery after he was transferred to VSP.  ECF No. 42-1 at 7.  However, they argue that the appeal

15 was not exhausted until after plaintiff filed his first amended complaint and therefore does not

16 satisfy the pre-suit exhaustion requirement.  Id.  Plaintiff does not challenge these arguments.

17 ECF No. 45.

18    Plaintiff's claims against defendants Toor, Malakkla, Neal, and Virk were first presented

19 to this court in his first amended complaint.  Compare ECF No. 4 with ECF No. 21. The first

20 amended complaint was filed on September 11, 2013, ECF No. 21, which is the relevant filing

21 date for determining pre-suit exhaustion of these claims.  See Cano, 739 F.3d at 1220-21; Rhodes,

22 621 F.3d at 1007.  Appeal No. 0695 was exhausted approximately two months after the claims

23 were filed.  Accordingly, the court finds that plaintiff did not timely exhaust his administrative

24 remedies related to his claims that defendants Toor, Malakkla, Neal, and Virk denied him

25 shoulder surgery before he filed this lawsuit.

26     3. Appeal No. 0786

27    At VSP, plaintiff submitted another medical appeal which alleged that after his transfer,

28 defendant Toor discontinued his prescription for Celebrex due to the cost of the drug, even

1    though it was the only pain medication that worked.  L.D. Zamora Decl. at 19-22.  The appeal

2    was assigned Log No. VSP-HC-13000786 ("Appeal No. 0786").  Id. at 3, ¶ 9.  The

3    documentation provided by defendants shows that plaintiff submitted his third-level appeal on

4    September 14, 2013.  Id. at 20.  Appeal No. 0786 was exhausted by denial at the third level on

5    December 27, 2013.  Id. at 3, ¶ 9.  Appeal No. 0786 was the only exhausted medical appeal

6    related to plaintiff's claim that defendant Toor cancelled his pain medication upon arrival at VSP.

7    Id. 2-3, ¶¶ 6, 9-10.

8         Defendants acknowledge that Appeal No. 0786 exhausts plaintiff's administrative

9    remedies for his claim that defendant Toor cancelled his pain medication after his transfer to

10   VSP.  ECF No. 42-1 at 7.  They argue that Appeal No. 0786 was exhausted after plaintiff filed his

11   first amended complaint (id.), and plaintiff does not dispute this (ECF No. 45).

12        Because plaintiff's claims against defendant Toor were new to the first amended

13   complaint, the date the first amended complaint was filed is used to determine whether exhaustion

14   occurred pre-suit.  The first amended complaint was filed September 11, 2013 (ECF No. 21), and

15   plaintiff initiated his third-level appeal in Appeal No. 0786 on September 14, 2013 (L.D. Zamora

16   Decl. at 20).  Since the third-level appeal was not even initiated until after plaintiff filed his first

17   amended complaint, the court finds plaintiff did not meet the pre-suit exhaustion requirements as

18   to his claims that defendant Toor cancelled his pain medication.

19        E.    Conclusion

20        For the reasons set forth above, the court finds that plaintiff did not satisfy the pre-suit

21   exhaustion requirements for his claims that defendants Kissel, Soltanian, Thomas, Costa,

22   Sherrard, Heintschel, and Reaves initiated a retaliatory transfer that interfered with his medical

23   treatment; that defendant Soltanian refused to issue a medical hold; that defendants Toor,

24   Malakkla, Neal, and Virk denied his shoulder surgery after he was transferred to VSP; and that

25   defendant Toor cancelled his pain medication after he was transferred to VSP.  The court finds

26   that defendants have not met their burden in establishing plaintiff's failure to exhaust with respect

27   to his claims that defendant Soltanian denied shoulder surgery at MCSP and that defendants

28   Smith and Heatley refused to issue a medical hold.

1    IV.    Defendants' Motion to Dismiss

2           Defendants move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

3    Defendants argue that plaintiff fails to state a claim against them upon which relief can be granted

4    because (1) plaintiff admits that he was transferred for a legitimate reason, and (2) his allegations

5    regarding his medical care amount to no more than a difference of opinion.  ECF. No. 43-1 at 2.

6           The only claims that survive administrative exhaustion analysis are those against

7    defendant Soltanian for refusing to order shoulder surgery and against defendants Smith and

8    Heatley for failing to issue a medical hold.  Though defendants' motion to dismiss addresses the

9    claims that defendants Smith and Heatley failed to issue a medical hold, it does not make any

10   arguments regarding the sufficiency of plaintiff's claim that defendant Soltanian denied his

11   shoulder surgery.  ECF No. 43-1 at 3, 10-11.  Accordingly, the court considers the Rule 12(b)(6)

12   motion only as to the claims against defendants Smith and Heatley.

13          A.    Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

14          In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a

15   complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it

16   must contain factual allegations sufficient to "raise a right to relief above the speculative level."

17   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain

18   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

19   cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure

20   § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter,

21   accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556

22   U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when

23   the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

24   defendant is liable for the misconduct alleged."  Id.

25          In considering a motion to dismiss, the court must accept as true the allegations of the

26   complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976),

27   and construe the pleading in the light most favorable to the party opposing the motion and resolve

28   all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396

16

1  U.S. 869 (1969).  The court will "'presume that general allegations embrace those specific facts

2  that are necessary to support the claim.'"  <u>National Organization for Women, Inc. v. Scheidler</u>,

3  510 U.S. 249, 256 (1994) (quoting <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561 (1992)).

4  Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

5  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).

6      The court may consider facts established by exhibits attached to the complaint.  <u>Durning</u>

7  <u>v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts

8  which may be judicially noticed, <u>Mullis v. United States Bankruptcy Ct.</u>, 828 F.2d 1385, 1388

9  (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed

10  with the court, <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d 1279, 1282 (9th Cir. 1986).  The

11  court need not accept legal conclusions "cast in the form of factual allegations."

12      B.      Inadequate Medical Care Claim

13      In order to state a §1983 claim for violation of the Eighth Amendment based on

14  inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

15  deliberate indifference to serious medical needs."  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

16  To prevail, plaintiff must show both that his medical needs were objectively serious, and that

17  defendants possessed a sufficiently culpable state of mind.  <u>Wilson v. Seiter</u>, 501 U.S. 294, 299

18  (1991); <u>McKinney v. Anderson</u>, 959 F.2d 853, 854 (9th Cir. 1992) (on remand).  The requisite

19  state of mind for a medical claim is "deliberate indifference."  <u>Hudson v. McMillian</u>, 503 U.S. 1,

20  5 (1992).

21      A serious medical need exists if the failure to treat a prisoner's condition could result in

22  further significant injury or the unnecessary and wanton infliction of pain.  Indications that a

23  prisoner has a serious need for medical treatment are the following: the existence of an injury that

24  a reasonable doctor or patient would find important and worthy of comment or treatment; the

25  presence of a medical condition that significantly affects an individual's daily activities; or the

26  existence of chronic and substantial pain.  <u>See, e.g.</u>, <u>Wood v. Housewright</u>, 900 F.2d 1332, 1337-

27  41 (9th Cir. 1990) (citing cases); <u>Hunt v. Dental Dep't</u>, 865 F.2d 198, 200-01 (9th Cir. 1989).

28  <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059-60 (9th Cir. 1992), <u>overruled on other grounds</u>, <u>WMX</u>

1   Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

2          In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very

3   demanding standard for "deliberate indifference."  Negligence is insufficient.  Farmer, 511 U.S.

4   at 835.  Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm

5   which is so obvious that it should be known) is insufficient to establish an Eighth Amendment

6   violation.  Id. at 836-37.  It is not enough that a reasonable person would have known of the risk

7   or that a defendant should have known of the risk.  Id. at 842.  Rather, deliberate indifference is

8   established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to

9   inmate health and safety."  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal

10  citation omitted) (emphasis added).  Deliberate indifference can be established "by showing (a) a

11  purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm

12  caused by the indifference.  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citations

13  omitted).  A difference of opinion between an inmate and prison medical personnel — or between

14  medical professionals — regarding appropriate medical diagnosis and treatment are not enough to

15  establish a deliberate indifference claim.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989);

16  Toguchi, 391 F.3d at 1058.

17          C.       Defendants Smith and Heatley

18          Defendants do not dispute that plaintiff has adequately alleged a serious medical need.

19  Instead, they argue that plaintiff has failed to plead facts sufficient to allege that defendants Smith

20  and Heatley were deliberately indifferent to that medical need.  ECF. No. 43-1 at 10-11.

21          In the first amended complaint, plaintiff alleges that "on 4/16/13 and 3/29/13 Plaintiff

22  filed a request with defendant C. Smith, Chief Medical Officer at MCSP requesting a medical

23  hold for the scheduled surgery.  No reply was ever received.  Similar request made to defendant

24  Heatley – no response."  ECF No. 21 at 10.  Plaintiff attaches copies of these requests to the first

25  amended complaint.  Id. at 49-50, 56-57.  He also attaches a copy of his first level appeal in

26  Appeal No. 3499 (id. at 51-52), which was responded to by defendant Smith (id. 64-65).  Based

27  on a notation in the bottom left corner, it appears that plaintiff's March 29, 2013 request for a

28  medical hold was grouped with Appeal No. 3499.  Id. at 49.

1    Defendants argue that plaintiff has failed to state a claim upon which relief can be granted

2    because defendant Smith's response to plaintiff's appeal shows that he was not actually aware

3    that plaintiff would not receive appropriate medical care at VSP, and it is unknown whether

4    defendant Heatley ever received the request or was aware plaintiff would not receive appropriate

5    care. Id.

6    The documents attached to plaintiff's first amended complaint establish that defendant

7    Smith received, at the least, plaintiff's March 29, 2013 request for an interview and responded to

8    it as part of Appeal No. 3499. ECF No. 21 at 49, 64-65. With respect to the requests sent to

9    defendant Heatley, on a Rule 12(b)(6) motion plaintiff is entitled to the reasonable inference that

10    a submitted request was received. Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007) (court

11    must assume truth of complaint's factual allegations and credit all reasonable inferences).

12    Plaintiff's March 29, 2013 request stated that he had been waiting over two years for surgery on

13    his shoulder and ventral hernia, that treatment was finally available, that he was in "very severe

14    pain," that he would lose his access to the finally approved treatments if he was transferred, and

15    that the transfer was to "satisfy the whims of custody." ECF no. 21 at 49-50. The April 16, 2013

16    request for a medical hold indicates that his shoulder surgery was scheduled within the week and

17    that he had gone for his pre-operation testing. Id. at 56-57.

18    Though the first amended complaint states that plaintiff did not receive a response to his

19    request from defendant Smith (id. at 10, ¶ 10), the attached records indicate that defendant Smith

20    did respond, and his response was a denial of the request for a medical hold (id. at 64-65).

21    Defendant Heatley's lack of response can be seen as a constructive denial. Even if the defendants

22    believed that plaintiff would get proper treatment at VSP, it is reasonable to infer that they would

23    have known a transfer would cause a delay in surgery because the surgery would have to be

24    rescheduled by the receiving institution. Taking the facts in the light most favorable to plaintiff,

25    he alerted the defendants to the fact that he was in severe pain and had been for the past two years

26    and they refused to issue a medical hold to stay an arbitrary custody transfer, thereby delaying his

27    surgery and prolonging his "very severe pain." The Eighth Amendment protects plaintiff from

28    the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104.

19

1    D.    Conclusion

2        At the pleading stage, the court must take as true the allegations in the complaint and

3    construe the pleading in plaintiff's favor.  For the reasons set forth above, plaintiff has adequately

4    alleged an Eighth Amendment violation against defendants Smith and Heatley.

5        Accordingly, IT IS HEREBY RECOMMENDED that:

6        1.  Defendants' motion for summary judgment (ECF No. 42) be granted in part and denied

7    in part as follows:

8            a.  Granted as to all claims against defendants Kissel, Thomas, Costa, Sherrard,

9    Heintschel, Reaves, Toor, Malakkla, Virk, and Neal and these defendants be dismissed without

10    prejudice for failure to exhaust administrative remedies for the claims against them.

11            b.  Granted as to the claim that defendant Soltanian refused to issue a medical hold

12    and the claim be dismissed without prejudice for failure to exhaust administrative remedies.

13            c.  Denied as to the claim that defendant Soltanian refused to order shoulder

14    surgery.

15            d.  Denied as to defendants Smith and Heatley.

16        2.  Defendants' motion to dismiss (ECF No. 43) be denied.

17        3.  Defendants Soltanian, Smith, and Heatley be ordered to answer the remaining claims

18    within thirty days from the date of the district judge's review and adoption of the instant findings

19    and recommendation.

20        These findings and recommendations are submitted to the United States District Judge

21    assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

22    after being served with these findings and recommendations, any party may file written

23    objections with the court, which shall be captioned "Objections to Magistrate Judge's Findings

24    and Recommendations."  **Due to exigencies in the court's calendar, no extensions of time will**

25    **be granted.**  A copy of any objections filed with the court shall also be served on all parties.  The

26    ////

27    ////

28    ////

1   parties are advised that failure to file objections within the specified time may waive the right to

2   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3   DATED: March 5, 2015

4                                                                    _allison clarie_____

5                                                                    ALLISON CLAIRE
                                                                     UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28