1
2
3
4
5
6
7
8                                UNITED STATES DISTRICT COURT
9                            FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11  IRA DON PARTHEMORE,                          No. 2:13-cv-0819 KJM AC P

12                   Plaintiff,

13          v.                                   ORDER

14  B. KISSELL, et al.,

15                   Defendants.

16

17         Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18  U.S.C. § 1983.  Currently pending before the court are plaintiff's motion for sanctions (ECF No.

19  61) and motion to stay defendants' request for production (ECF No. 64).

20  I.     Motion for Sanctions

21         On May 5, 2015, the court filed an order setting this case for a settlement conference.

22  ECF No. 54.  The parties were ordered to "have a principal capable of disposition at the

23  Settlement Conference or to be fully authorized to settle the matter on any terms at the Settlement

24  Conference." Id. at 2.  Plaintiff alleges that the defendants violated this order because it was

25  relayed to him by the settlement conference judge that defendants' counsel was only authorized to

26  settle the case for a pre-set dollar amount.  ECF No. 61.  Defendants' have filed a response to the

27  motion, but rather than respond to the allegations, request that the motion be stricken from the

28  /////

1

record and that plaintiff be sanctioned for violating the confidentiality of the settlement conference. ECF No. 62.

An authorization to settle for a limited dollar amount or sum certain can be found incompatible with the requirement of full authority to settle, under circumstances not present here. See, e.g., Nick v. Morgan's Foods, Inc., 270 F.3d 590, 596-97 (8th Cir. 2001). In instances where sanctions have been imposed, the representative present at the settlement conference often had an excessively low authority to settle and any offers above the representative's authority had to be communicated to another individual that was only available by phone. See id. at 596 (representatives present at the settlement conference only had settlement authority up to $500 and had to call an individual not present to consider any offers in excess of $500.00); Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 483 (D. Ariz. 2003) (representatives only had settlement authority up to $1,075.00 and individual with full authority was "standing by telephonically"); Dvorak v. Shibata, 123 F.R.D. 608, 608-09 (D. Neb. 1988) (counsel was authorized to offer no more than $2,500.00 and representative with additional authority chose not to attend settlement conference even though $2,500.00 offer was declined two days before conference, leaving counsel with no authority to negotiate). These circumstances indicate that the representative was not in fact an individual with full authority to settle the case, and that settlement for a sum in excess of the representative's authority was contemplated.

Even if plaintiff is correct that counsel here only had authority to settle below a predetermined amount, it is not clear that counsel lacked full authority to settle the case. There is nothing to suggest that another individual with greater authority was available but not present, and the motion is silent as to any non-monetary authority counsel may have had. There is nothing improper in defendants determining the value of the case in advance, and being unwilling to settle for an amount in excess of that valuation. While the court understands plaintiff may be disappointed by the offer he received, it does not find that defendants violated the order to have an individual with full authority to settle present. Accordingly, the court declines to award sanctions.

/////

With respect to defendants' request that the motion for sanctions be stricken from the record because it discloses confidential settlement conference discussions, this request will be granted.  The court declines to sanction plaintiff for filing the motion, but reminds plaintiff that settlement conference negotiations are confidential.

II.       Motion to Stay Defendants' Request for Production

Plaintiff has also filed a motion to stay defendants' request for production.  ECF No. 64. He requests that the court "order a hold on the production of these documents requested of Plaintiff" because he either no longer possesses them or never possessed them.  Id. at 2.  Plaintiff alleges that many of the requested documents were lost while he was out to court for the settlement conference in this case.  Id. at 1.  He states he is currently in the process of trying to obtain copies of the documents, many of which are available to the Attorney General's Office. Id.  Plaintiff has requested an Olsen review in order to review his central file and medical records to try and obtain as many of the missing documents as he can.  Id. at 6, ¶ 17.  He has also requested that property staff check to see if his documents have been misplaced, but has yet to hear back on his request.  Id., ¶ 16.  In addition to seeking a hold on his deadline to respond to defendants' request for production, he also requests that the court send him a copy of his first amended complaint since his only copy was lost as a result of his trip to court.  Id. at 2.

The court will deny plaintiff's request to stay his responses and will instead enlarge his deadline to respond to the requests.  Since plaintiff's documents were lost as a result of his transport to and from court for the settlement conference requested by defendants, the court will require the Attorney General's Office and Deputy Attorney General Sylvie Snyder to ensure that plaintiff is provided an opportunity to review his central file and medical records and make copies of any documents therein that are necessary to replace his missing documents.  Plaintiff's responses to defendants' requests for production will be due after plaintiff has had an opportunity to review and copy his files.  The Attorney General's Office and Deputy Attorney General Snyder shall also take whatever steps are necessary to verify that plaintiff's property has not simply been misplaced.  To the extent plaintiff alleges that he has never possessed some of the documents

/////

requested, he is directed to Federal Rule of Civil Procedure 34(a)(1), which limits requests for production to items within "the responding party's possession, custody, or control."

As a one-time courtesy, the court will grant plaintiff's request for a copy of his first amended complaint. Plaintiff is advised that the court will not make a habit of providing him with copies of documents free of charge.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for sanctions (ECF No. 61) is denied.

2. Defendants' request to strike plaintiff's motion for sanctions (ECF No. 62) is granted and the motion for sanctions (ECF No. 61) shall be stricken from the record.

3. Defendants' request to sanction plaintiff (ECF No. 62) is denied.

4. Plaintiff's motion to stay his deadline to respond to defendants' requests for production (ECF No. 64) is granted in part. Plaintiff's responses to defendants' requests for production will be due twenty-one days after plaintiff has an opportunity to review both his central file and medical records and obtain the necessary copies from each.

5. The Attorney General's Office and Deputy Attorney General Sylvie Snyder shall ensure that plaintiff is provided an opportunity to review his central file and medical records and make copies of any documents therein that are necessary to replace his missing documents. They shall also take whatever steps are necessary to verify that plaintiff's property has not simply been misplaced.

6. As a one-time courtesy, the Clerk of the Court is directed to provide plaintiff with a copy of his first amended complaint (ECF No. 21).

DATED: July 28, 2015.

                                                                      /S/  
                                                               ALLISON CLAIRE  
                                                               UNITED STATES MAGISTRATE JUDGE