UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRA DON PARTHEMORE, | No.  2:13-cv-0819 KJM AC P |
| Plaintiff, | |
| v. | ORDER |
| B. KISSELL, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel. ECF No. 67. Plaintiff argues that appointment of counsel is necessary because he is indigent, is limited in his ability to litigate due to his imprisonment, lacks legal education, has limited law library access, is in poor health, and is unable to conduct research or cross-examine medical experts and other medical staff. Id. He also argues that the issues in this case are complex and he will require an expert witness, which he requires counsel to obtain. Id.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's

likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.

In the present case, the court finds that the complaint, liberally construed, states a claim upon which relief could be granted if the allegations are proven at trial.  However, the allegations of the complaint, without more, do not provide a sufficient basis upon which to assess the strength of the merits.  The court further finds that plaintiff has demonstrated an ability to articulate his claims pro se and that the legal issues are not complex in this matter.  Plaintiff is capable of identifying additional evidence that would support his claims and formulating his discovery requests accordingly.[1]  Moreover, the need for investigation and expert testimony alone does not warrant a finding of exceptional circumstances.  See Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (denying plaintiff's motion to appointment of counsel even though "had he had the assistance of counsel during the early stages of the proceedings, he may well have fared better-particularly in the realms of discovery and the securing of expert testimony"), partially overruled on other grounds by 154 F.3d 952 (9th Cir. 1998) (en banc).

> Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate

---

[1] Plaintiff's discovery requests may include the following:  (1) requests for admission (yes-or-no statements of fact) directed to each defendant, see Fed. R. Civ. P. 36; (2) up to twenty-five interrogatories (questions) directed to each defendant, see Fed. R. Civ. P. 33; and (3) requests for copies of documents, electronically stored information, or other tangible evidence directed to each defendant, see Fed. R. Civ. P. 34.  If plaintiff believes that he requires additional time to seek discovery, he should file a motion for extension with the court explaining how much additional time he seeks and why the additional time is necessary.

> easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues.

Wilborn, 789 F.2d at 1331.  For these reasons, the court does not find the required exceptional circumstances and plaintiff's request will be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for the appointment of counsel (ECF No. 67) is denied without prejudice.

DATED: August 26, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE